# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

IOWA BUILDERS RETIREMENT PLAN,

    Plaintiff,

vs.

FARMER MASONRY, INC.,

    Defendant.

No. 05-CV-197-LRR

**ORDER**

## I. INTRODUCTION

Before the court is Plaintiff's Application for Default Judgment ("Application") (docket no. 6).

## II. PRIOR PROCEEDINGS

On December 21, 2005, Plaintiff Iowa Builders Retirement Plan filed a Complaint against Defendant Farmer Masonry, Inc. Plaintiff alleged Defendant failed to make payments pursuant to the terms of a collective bargaining agreement, in violation of 29 U.S.C. § 1145 and 29 U.S.C. § 141 *et seq*. Under the collective bargaining agreement, Defendant allegedly agreed to make payments to Plaintiff on behalf of certain employees.

On December 27, 2005, Plaintiff served Defendant with the Summons and Complaint. Defendant has not filed an answer. On March 23, 2006, the Clerk of Court entered the default of Defendant for failing to file a timely answer. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."); *see also* Fed. R. Civ. P.

7(a) (requiring defendant to file an answer).

On March 22, 2006, Plaintiff filed the instant Application.[1] Initially, Plaintiff claimed it was entitled to $8382.82 in damages, $892.50 in attorney fees, expenses of $273.84, audit fees of $260.00 and interest as provided by law.

On April 21, 2006, the court held a hearing on the Application. Plaintiff now requests $8801.02 in damages, $1695.00 in attorney fees, expenses of $326.63, audit fees of $260.00 and interest as provided by law. Plaintiff claims the collective bargaining agreement obligates Defendant to pay interest at a rate of 5% *per month*, thus explaining the sharp rise in damages since March.

### *III. MERITS*

"Entry of default under Federal Rule of Civil Procedure 55(a) is not . . . entry of judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2) . . . . *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Judgment by default may be entered as follows:

> (1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) **By the Court**. In all other cases the party entitled to judgment by default shall apply to the court therefor . . . . If, in order to enable the court to enter judgment or to carry it

---

[1] Plaintiff's Application preceded the Clerk of Court's finding of Defendant in default. The court refrained from ruling on the Application, however, until the Clerk of Court found Defendant in default. The entry of default must precede default judgment. *See* Fed R. Civ. P. 55; *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

> into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(1)-(2) (emphasis in original).

If the plaintiff is not suing for a sum certain, such as the face value of a promissory note, the plaintiff moving for a default judgment must prove its damages. Fed. R. Civ. P. 55(b); *see, e.g., In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). A claim is not for a sum certain simply because, as here, the plaintiff demands a specific dollar amount in her complaint. *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 20 n.9 (1st Cir. 2003). If there is any doubt as to the amount to which a plaintiff is entitled to recover, the plaintiff's claim is not a claim for a "sum certain" under Federal Rule of Civil Procedure 55(b)(1). *Id.* at 19.

"[I]n civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. FDIC*, 987 F.2d 494, 505 (8th Cir. 1993); *accord Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (similar) (citing *Thompson v. Wooster*, 114 U.S. 104, 111 (1885) and 10A Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 2688 (3d ed. 1998)).

> "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."

*Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantra*, 183 F.3d

151, 154-55 (2d. Cir. 1999)).

The court holds that Plaintiff's claim is not a claim for a sum certain, and, therefore, Plaintiff must prove its damages to the court. Fed. R. Civ. P. 55(b). As matters presently stand, however, the court cannot grant Plaintiff's Application because Plaintiff's damages cannot be ascertained with any reasonable certainty. *Id.* Although at the hearing Plaintiff offered five exhibits to prove its damages, Plaintiff has not produced the collective bargaining agreement or other contracts that allegedly obligate Defendant to pay the precise damages Plaintiff seeks. The only evidence in the record concerning the underlying obligation is an affidavit of Lisa Rostock, Client Service Consultant of the Wells Fargo Bank handling the Iowa Builders Retirement Plan. In such affidavit, Rostock claims that "[t]he agreement and declaration of trust of the Iowa Builders Retirement account provides for a 5% per month liquidated damage on the outstanding balance and that "[t]he agreement and declaration of trust . . . provided for the payment of attorney fees."

The court, therefore, orders Plaintiff to produce all contracts that serve as the basis of its claim on or before May 8, 2006. Until such time, the court shall reserve ruling on Plaintiff's Application. If no such contracts are filed, the court shall deny the Application.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff shall file with the court all contracts that serve as the basis of its claim on or before May 8, 2006; and

(2) The court **RESERVES RULING** on Plaintiff's Application for Default Judgment (docket no. 6).

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA